Battle, J.
 

 We agree with his Honor who tried the cause, that the description of the house and lot contained in the deed, under which the defendant claimed, was sufficiently certain to identify and convey the property. The terms, “ my house and lot in the town of Jefferson,” if contained in a will, would, undoubtedly be sufficient to pass the testator’s house and lot, in the absence of any proof to show that he had more than one. Thus, it was held in a strongly analagons case, that a bequest of “ my twenty-five shares of bank stock,” when the testator had just that number of shares, was a specific legacy, while a designation of them as simply
 
 “
 
 twenty-five shares of stock,” without the prefix of the word
 
 “
 
 my ” was a general legacy.
 
 Kinsey
 
 v.
 
 Rhine,
 
 2 Ired. Rep., 192. If, then, such a description would be sufficiently certain in a will, we cannot perceive any reason why it should not be so in a deed, as, in both instruments, the only requisite, as to the certainty of the thing described, is that there shall be no patent ambiguity in the description by which it is designated.
 

 A
 
 house and lot, or
 
 one
 
 house and lot in a particular town, would not do, because too indefinite on the face of the instrument itself. See
 
 Plummer
 
 v.
 
 Owens,
 
 Busb. Eq., 254;
 
 Murdock
 
 v.
 
 Anderson, 4
 
 Jones’ Eq., 77. But “ my house and lot,” imports a particular house and lot, rendered certain by the description that it is one which belongs to me, and, upon the face of the instrument, is quite as definite as if it had been described as the house and lot in which I now live, which is undoubtedly good. Where the deed or will does not itself
 
 *611
 
 show that the grantor or devisor had more than one house and lot, it will not be presumed that he had more than one, so that there i$ no patent ambiguity, and if it be shown that he has more than one, it must be by extrinsic proof, and the case will then be one of a latent ambiguity, which may be explained by similar proof. It is- true, that in the case of the latter kind of ambiguity, the extrinsic proof may turn out to be insufficient to remove the uncertainty thus raised, and the grant or devise may fail on that account, but that is very different from the case of a patent ambiguity, which is always a question for the court, and in which the court must see that the subject matter of the grant or devise is so uncertain that there is nothing described to which any proof can apply. The case of
 
 Edmundson
 
 v.
 
 Hooks,
 
 11 Ired. Rep., 373, to which we have been referred by the plaintiff’s counsel, furnishes an apt illustration. In that case, it appeared that the sheriff held several executions against John Hooks and others; one against John Hooks alone, and one against John Hooks and one Woodard. The sheriff’s deed recited all these executions; alevyupon “the defendant’s lots at Nahanta depot;” asale; and thereupon conveyed “ the lots levied on ” to the lessor of the plaintiff. The Court very properly held it to be a case of patent ambiguity, and that the description of the lots in tended to be conveyed, was too uncertain to be good. “ Were the lots those of John Hooks alone, or one of the other defendant’s in the execution, or were they the joint property of all ?” There was undoubtedly an uncertainty as to whose property the lots were, which was apparent upon the face of the deed itself, and of course the court was obliged to say that the description was void for the uncertainty. Had John Hooks been the only defendant in the execution, then the description of “ the defendant’s lots at Nahanta,” would have pointed to something definite, to wit: John Hook’s lots at that place, and the decision would have deen different.
 

 Per Curiam,
 

 The judgment is affirmed.