J. D. SESSOMS ET AL. v. A. G. BAZEMORE AND WIFE, SYDNEY.

(Filed 29 September, 1920.)

**Contract— Option — Description of Land — Evidence — Identification — Equity—Specific Performance.**

An option to sell the owner's only farm, described therein as "my farm," for a certain price, within a specified time upon the payment of the sum

named, sufficiently describes the land to admit of parol evidence of identification of the subject-matter of the contract, in an action for specific performance by the purchaser.

CIVIL ACTION, tried before *Devin, J.,* at April Term, 1920, of HERT-FORD.

The action is for specific performance of a written contract to convey land, duly executed by defendant and his wife, the pertinent portions of said contract being in terms as follows: "I do hereby agree to sell my farm to Mr. J. D. Sessoms for $7,000 any time within 30 days. This the 3d day of October, 1917. If he pays me the money, me and my wife will make him a deed, or to whom he may direct.

A. G. BAZEMORE.<br>SYDNEY BAZEMORE."

On the issues presented in the pleadings, there was verdict for plaintiff. Judgment, and defendants excepted and appealed.

*Rogers & Williams and Winston & Matthews for plaintiff.*
*Roswell C. Bridger and Stanly Winborne for defendants.*

HOKE, J. The due execution of the contract, including the privy examination of the *feme* defendant, is admitted in the pleadings. The tender of the purchase price within the time, and the plaintiff's readiness and ability to perform, and the identity of the land claimed as the subject-matter of the contract are also clearly established, and the question presented and chiefly argued before us is whether the language of the written contract is sufficiently definite to permit the reception of parol evidence to fit the description to the property claimed as the subject-matter of the contract. On that question, the decisions of our Court are in full support of his Honor's ruling in the admission of the testimony and the judgment of the Superior Court is affirmed. *Norton v. Smith,* 179 N. C., 553; *Lewis v. Murray,* and authorities cited.

No error.