LOIS B. PIERCE, INDIVIDUALLY, AND ADDICE PIERCE MILLER AND STEVE PIERCE, INDIVIDUALLY AND AS ADMINISTRATORS OF JOHN Q. PIERCE, DECEASED v. PHIL GADDY AND WIFE, JOHNNIE GADDY

No. 7720SC1066

(Filed 21 August 1979)

**Frauds, Statute of § 7— contract to convey real property—receipt—insufficiency of writing**

In an action to establish a contract to convey real property, a receipt by which defendant acknowledged receipt of one thousand dollars from plaintiff's intestate was insufficient to show compliance with the statute of frauds, since the notation "For farm" on the receipt did not, either expressly or by necessary implication, contain the essential features of an agreement to sell land, nor was the "farm" referred to in the receipt identified therein and no reference was made in the receipt to any extrinsic source by which the particular "farm" referred to could be made certain.

APPEAL by plaintiffs from *Smith (Donald L.), Judge.* Judgment entered 12 October 1977 in the Superior Court, UNION County. Heard in the Court of Appeals 27 September 1978.

This is an appeal by plaintiffs from summary judgment in favor of defendants. Allegations and admissions in the pleadings, stipulations of the parties, and depositions submitted to the court

at the hearing on defendants' motion for summary judgment show that there is no genuine issue as to the following material facts:

John Q. Pierce died intestate on 15 February 1976 leaving surviving his widow, Lois B. Pierce, and three children, Addice Pierce Miller, Steve Pierce, and Johnny Pierce Gaddy. The widow individually and the first two named children, both individually and as administrators of their father's estate, are the plaintiffs in this action. The third child, Johnny Pierce Gaddy is the wife of Phil Gaddy and, together with her husband, is a defendant herein.

On 12 August 1954 John Q. Pierce was the owner in fee simple of a tract of land in Union County containing 106.45 acres, which tract is particularly described by metes and bounds in the complaint. On 12 August 1954 John Q. Pierce and wife, Lois B. Pierce, executed a fee simple warranty deed, absolute in form, conveying title to said tract of land to their son-in-law, the defendant, Phil Gaddy. By an amendment to their complaint, plaintiffs alleged that in consideration for this deed "the defendant Phil Gaddy did loan the plaintiffs' intestate, John Q. Pierce, the sum of $8000.00 and did promise to reconvey the lands to the plaintiffs' intestate if plaintiffs' intestate repaid the amount lent plus 6% interest within 1 year from the date of the warranty deed." In his deposition, the defendant, Phil Gaddy, testified "that he had entered into an agreement with Mr. Pierce, unsigned, giving Mr. Pierce the option to buy the land back for cost plus 6 percent interest within one year of the time Mr. Gaddy purchased the land, but that this was the limit of the agreement to reconvey."

In their answer defendants pled the statute of frauds as an affirmative defense. At the hearing on defendants' motion for summary judgment, the parties stipulated in writing "[t]hat all of the written memorandum pertaining or referring to the alleged agreement of Phil Gaddy to convey the property described in the complaint to John Q. Pierce are attached to this stipulation," that "the Court may hear and determine without objection whether or not the written memorandum attached to this stipulation is sufficient to comply with the Statute of Frauds, G.S. 22-2," and "that if said memorandum is insufficient to comply with the Statute of Frauds, G.S. 22-2, then in that event, the defendant is entitled to summary judgment." The written memorandum referred to will be described in the opinion.

*Harry B. Crow, Jr., for plaintiff appellants.*

*James E. Griffin for defendant appellees.*

PARKER, Judge.

In their complaint as originally-filed, plaintiffs alleged that the 12 August 1954 deed "was intended to be a security interest" in the land conveyed, and they prayed the court to reform the deed by declaring it to be a security interest only. In their amended complaint they alleged an agreement by defendant, Phil Gaddy, to reconvey the property if plaintiffs' intestate repaid the loan he had obtained from Gaddy plus interest within one year from the date of the warranty deed. From the stipulations presented to the trial court at the hearing on defendants' motion for summary judgment, it is apparent that plaintiffs have now come to consider their action solely as one to enforce that agreement. That this is so is confirmed by the following statement in plaintiffs' brief on this appeal:

> Now, it should be obvious that plaintiffs wish to proceed solely upon the theory that there was an agreement to reconvey the land in dispute to John Q. Pierce, evidenced by a memorandum sufficient under the statute of frauds, and that they, as his representatives and heirs, are entitled to the specific performance of this agreement.

We accept plaintiffs' theory of their action and treat this case as one to enforce a contract to convey real property. So treated, the only question presented by this appeal is whether plaintiffs have presented any written memorandum sufficient to make the contract enforceable under the statute of frauds, G.S. 22-2. We agree with the trial court that they have not, and accordingly we affirm the summary judgment for the defendants.

Our statute of frauds, G.S. 22-2, provides, in pertinent part, that "[a]ll contracts to sell or convey any lands . . . shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized." "A valid contract to convey land, therefore, must contain expressly or by necessary implication, all the essential features of an agreement to sell, one of which is a description of the land, certain in

itself or capable of being rendered certain by reference to an extrinsic source designated therein." *Kidd v. Early*, 289 N.C. 343, 353, 222 S.E. 2d 392, 400 (1976); *accord, Lane v. Coe*, 262 N.C. 8, 136 S.E. 2d 269 (1964); *Hurdle v. White*, 34 N.C. App. 644, 239 S.E. 2d 589 (1977).

To show compliance with the statute of frauds, plaintiffs in the present case rely principally upon a written receipt dated 3 September 1958 signed by the defendant, Phil Gaddy, by which Gaddy acknowledged receipt from J. Q. Pierce of one thousand dollars. The receipt bears the single notation, "For farm."

The receipt dated 3 September 1958 does not, either expressly or by necessary implication, contain the essential features of an agreement to sell land. No reference is made therein to any agreement on the part of defendant Gaddy to sell, nor may any such agreement be necessarily implied from anything appearing on the receipt. For that reason alone the receipt is insufficient to meet the requirements of the statute of frauds. *See, Chason v. Marley*, 224 N.C. 844, 32 S.E. 2d 652 (1945). For all that appears on the receipt or from anything referred to therein, it may have been given, as defendant Gaddy contends it was, to acknowledge receipt of rent rather than of purchase price.

In addition to the lack of any mention of any agreement to sell, the "farm" referred to in the receipt is not further identified therein, nor is reference made in the receipt to any extrinsic source by which the particular "farm" referred to can be made certain. The stipulation of the parties, which was presented to the trial court at the hearing on defendants' motion for summary judgment, that on the date the receipt was given, 3 September 1958, "Phil Gaddy owned a home and approximately 2.6 acres of land which was not a farm and that the said Phil Gaddy did not own any other real estate as of that date, save and except for, the 106.45 acres of land which is the subject of this lawsuit," cannot serve to make the receipt sufficient to comply with the statute of frauds. The stipulation was not in existence at the time the receipt was given and, of course, was in no way referred to therein. Moreover, even granting that at the time the receipt was given the only "farm" owned by Gaddy was the 106.45 acre tract involved in this case, it is not a necessary implication from this fact that the "farm" referred to in the receipt is the 106.45 acre

tract. There are thousands of tracts of land in this State to which the single word "farm" could apply, and one may make a valid contract, enforceable at least by way of a judgment for damages, to sell property which one does not own at the time the contract is made, as anyone who sells short on the stock market will quickly find out. Because the 3 September 1958 receipt contains neither expressly nor by necessary implication any agreement to sell, and because the "farm" referred to in the receipt is not identified in the receipt and no extrinsic source is designated therein by reference to which certain identification is possible, we find the receipt insufficient to meet the requirements of the statute of frauds.

*Sessoms v. Bazemore,* 180 N.C. 102, 104 S.E. 70 (1920), relied on by the plaintiffs, is distinguishable. In that case the plaintiff brought an action for specific performance of a written contract signed by defendant by which he expressly agreed "to sell my farm to Mr. J. D. Sessoms for $7,000 any time within 30 days." In affirming judgment for the plaintiff, our Supreme Court held that the reference to "*my* farm" (Emphasis added) was sufficiently definite to permit the reception of parol evidence to fit the description to the property claimed as the subject matter of the contract. In the present case, the "farm" referred to was not identified in the written receipt as the farm belonging to the defendant, and in addition, as above noted, the writing contained no mention of any agreement to sell.

The other writings presented by plaintiffs to show compliance with the statute of frauds are also inadequate for that purpose. These were receipts of various dates for sums of money which bore such notations as "on place" or "paid on place," and a check drawn by Pierce to Gaddy and endorsed by the letter which bore the notation "For Land Payment." Nothing in any of these instruments makes it possible to determine what "place" or what "land" is referred to.

Finally, we note that defendant Phil Gaddy's admission in his deposition that he entered into an oral agreement with J. Q. Pierce giving Pierce the option to buy the land back within one year is unavailing to make the oral contract enforceable in the face of defendants' plea of the statute of frauds. *Breaid v. Munger,* 88 N.C. 297 (1883); *Barnes v. Teague,* 54 N.C. 277 (1854).

In view of our decision that the contract alleged by the plaintiffs was void and unenforceable under the statute of frauds, we find it unnecessary to consider defendants' contention that plaintiffs' action was in any event barred by the statute of limitations.

The judgment appealed from is

Affirmed.

Judges HEDRICK and MARTIN (Robert M.) concur.