GENERAL GREENE INVESTMENT COMPANY, KERMIT G. PHILLIPS, II, AND WIFE, JEANNETTE S. PHILLIPS v. EDWARD I. GREENE ET UX ESTHER Z. GREENE, G-K, INC. A NORTH CAROLINA CORPORATION AND UNDERWOOD REALTY CO., A NORTH CAROLINA CORPORATION AND THE CITY OF GREENSBORO, THE STATE OF NORTH CAROLINA

No. 7918SC864

(Filed 5 August 1980)

1. **Municipal Corporations § 33– street closed by city – proper notice given – indexing of resolution adequate**

Summary judgment was properly entered for defendants on plaintiffs' claim that they possessed certain dedicatory rights which entitled them to have a named street maintained as an open street furnishing them access from their 3.5 acre tract to a major thoroughfare in the city, since the street in question had been closed and effectively withdrawn from dedication by resolution of the city council on 21 August 1967, prior to the time any of the plaintiffs acquired title; plaintiffs could not collaterally attack the council's

finding that notice of the hearing to close was duly published, since the council found that notice that the hearing was to be held had been duly published, owners of all property abutting both sides of the portion of the street to be closed had requested such closing in writing, and no appeal was taken from the council's action; and indexing of the resolution closing the street under the name of the City of Greensboro, without also indexing it under the names of the abutting landowners who acquired the fee simple title to the portion closed, was all that G.S. 153-9(17) required.

2. **Adverse Possession § 25.2– closed street – no adverse possession under color of title**

The trial court properly granted summary judgment for defendants on plaintiffs' claim that they had title to a contested strip of land, which was a street which the city had closed, by adverse possession for seven years under color of title, since the deed to plaintiffs' predecessor in title conveyed no title to any property beyond the borderline of the closed street with the remainder of the tract conveyed, and though the deed conveying the same property from their predecessor in title to plaintiffs was not a part of the record, even if plaintiffs otherwise satisfied the legal requirements of adverse possession, the absence of a paper writing purporting to pass title to the closed portion of the street either to plaintiffs' predecessor or to plaintiffs would defeat any claim of adverse possession under color of title.

3. **Reformation of Instruments § 7– reformation of deed to include closed street – no showing of mutual mistake or fraud**

Absent allegations or any forecast of evidence of mutual mistake or fraud in the drafting of a deed from a corporation to plaintiff Investment Company, plaintiffs raised no issue of material fact which would, if resolved, entitle them to reformation of the deed to include any portion of the closed section of a street which abutted the property transferred by the deed.

4. **Quasi Contracts and Restitution § 1.2– improvements made to street – no good faith belief – no recovery on theory of unjust enrichment**

Plaintiffs were not entitled to recover an amount which they allegedly spent for improvements to a street in the good faith belief that they were maintaining a dedicated public way jointly with the property owner adjoining on the northeast, since plaintiffs did not purport to act under any colorable authority when they chose to improve the street in the erroneous belief that they were maintaining a dedicated public way, and they could thus claim no good faith, albeit erroneous, belief that they had the right to make any improvements to the street.

APPEAL by plaintiffs from *Collier, Judge.* Judgments signed 3 July 1979 in Superior Court, GUILFORD County. Heard in the Court of Appeals 20 March 1980.

Plaintiffs filed this action seeking reformation of a deed, damages, and injunctive relief. In their complaint filed 29 March

1979 they alleged the following: On or about 26 March 1971 plaintiff General Greene Investment Company (Investment Company) entered into a contract with defendants Edward I. Greene and G-K, Inc. to purchase a tract of land of approximately 3.5 acres in Greensboro, N.C. At that time the individual defendants and G-K, Inc. furnished to plaintiff Investment Company a survey dated 29 September 1966 which showed the property in question as running with the southwest margin of Retreat Street, which street was shown as being open on said plat and as furnishing access to Wendover Avenue in Greensboro. Pursuant to the terms of the contract of sale, defendant G-K, Inc. executed a warranty deed dated 1 June 1971, which deed described the northeast margin of a portion of the property as running with the southwestern margin of Retreat Street as defined by the recorded plat of the "Camp Stokes" property. Contrary to an alleged express understanding between Investment Company and defendants Greene and G-K, Inc., those defendants thereafter contended that Retreat Street was closed at the time of conveyance. Because defendant Underwood Realty was seeking a building permit from the City of Greensboro for construction on Retreat Street, the Phillips plaintiffs, successors in title to Investment Company, sought an injunction restraining defendants Underwood Realty, Inc. and Edward I. Greene and wife from undertaking construction upon the street and restraining the defendant City of Greensboro from issuing any permit. Plaintiffs also sought reformation of the 1 June 1971 deed from G-K, Inc. to Investment Company to include the area of Retreat Street, along with a declaration that such is the property of the Phillips plaintiffs.

Edward I. Greene and G-K, Inc. answered, admitting that G-K, Inc. entered into a contract with Investment Company in 1971 and executed a deed, but denying that Edward I. Greene was a party to that contract. They further admitted that G-K, Inc. executed a deed on 1 June 1971 conveying title to the 3.5 acre tract of land, but otherwise denied the material allegations of the complaint. Defendants Greene and G-K, Inc. raised the defense that, at the time the contract to convey was executed, the portion of Retreat Street abutting the property was not an open street, and that the 1 June 1971 deed did not purport to convey title to any part of Retreat Street to Investment Company, the grantee.

Defendant Underwood Realty Company also denied the material allegations of the complaint and alleged that by virtue of a resolution of the City Council of the City of Greensboro dated 21 August 1967 closing Retreat Street from West Bessemer Avenue in Greensboro to Wendover Avenue, Underwood Realty and defendant Edward I. Greene, as the abutting owners, had acquired title to the center of the former street. By deed dated 27 December 1978, Edward I. Greene and wife, Joyce C. Greene, conveyed to defendant Underwood Realty the portion of Retreat Street which they had previously acquired. All defendants prayed that plaintiffs' action be dismissed.

Defendants G-K, Inc. and Edward I. Greene filed motions for dismissal and for summary judgment in their answer, and Underwood Realty made similar motions. At the hearing on these motions, the documentary evidence showed the following:

Edward I. Greene acquired title to the tract abutting Retreat Street by warranty deed in 1965. On 21 December 1967, upon petition of Edward I. Greene and Underwood Realty Company, the owners of all the property abutting both sides of Retreat Street from West Bessemer Avenue to Wendover Avenue, the City Council of the City of Greensboro resolved to close and abandon that portion of Retreat Street as a public street. In April 1969, G-K, Inc. acquired title from Edward I. Greene to the property abutting the southwest margin of Retreat Street. On 1 June 1971, pursuant to a contract of sale, defendant G-K, Inc. conveyed the property bordering on Retreat Street to plaintiff Investment Company by warranty deed. Plaintiffs Kermit G. Phillips, II and wife Jeannette S. Phillips apparently acquired the property by deed dated 19 January 1972. On 27 December 1978 Edward I. Greene and wife, Joyce C. Greene, conveyed title to the southern portion of Retreat Street which Edward I. Greene had acquired as a result of the closing of the street to defendant Underwood Realty, thereby vesting title to the entire closed portion of Retreat Street in Underwood.

In two separate judgments dated 3 July 1979, the trial court granted the motions of Underwood Realty Company and of Edward I. Greene, and G-K, Inc. for dismissal and for summary judgment. From these judgments plaintiffs appealed.

*J. Bruce Morton and Kent Lively for plaintiff appellants.*

*J. Sam Johnson, Jr, for defendant-appellees Edward I. Greene and G-K, Inc.*

*John W. Hardy and Douglas, Ravenel, Hardy, Crihfield and Bullock for defendant Underwood Realty Company.*

PARKER, Judge.

In separate judgments dated 3 July 1979 the trial court granted the motions of defendants Edward I. Greene, G-K, Inc. and Underwood Realty Company for dismissal under Rule 12(b)(6) and for summary judgment under Rule 56. Because matters outside the pleadings were considered, we review the judgments under the standard applicable under Rule 56. Thus, defendants were entitled to summary judgment dismissing plaintiffs' action if the record discloses that there is no genuine issue as to the material facts which establish the nonexistence of plaintiffs' claims. In making that determination, the court must view all material furnished in support of and in opposition to the motions for summary judgment in the light most favorable to the plaintiffs as the parties opposing the motion. The movants have the burden of showing that there is no triable issue of fact and that they are entitled to judgment as a matter of law. *Pitts v. Pizza, Inc.*, 296 N.C. 81, 249 S.E. 2d 375 (1978).

[1] Applying these principles to the present case, we hold that summary judgments were properly entered. Plaintiffs' first claim for relief rests upon the theory that they possess certain dedicatory rights which entitle them to have Retreat Street maintained as an open street furnishing them access from the 3.5 acre tract of land to Wendover Avenue in Greensboro. The description in the 1 June 1971 deed from G-K, Inc. to plaintiff Investment Company referred to a plat of "Camp Stokes Property" recorded in Plat Book 2, Page 45, Guilford County Registry, and described a portion of the land conveyed as being a part of the "Camp Stokes Property." The deed from plaintiff Investment Company to plaintiffs Kermit G. Phillips, II and wife, Jeannette S. Phillips, was not attached as an exhibit to the record. Even if it be assumed, however, that that deed also

made reference to the plat, the record discloses that plaintiffs have no rights by way of dedication in Retreat Street.

The general principle is that where an owner has certain property platted, showing lots, streets, or alleys, and sells lots with reference to the plat, he thereby dedicates the streets and alleys to the use of those who purchase the lots and their successors in interest. *Elizabeth City v. Commander,* 176 N.C. 26, 96 S.E. 736 (1918); *Green v. Miller,* 161 N.C. 24, 76 S.E. 505 (1912). As to those private parties, the dedication is irrevocable, except with the consent of the municipality acting on behalf of the public and the consent of those persons having vested rights in the dedication. *Steadman v. Pinetops,* 251 N.C. 509, 112 S.E. 2d 102 (1960); *Blowing Rock v. Gregorie,* 243 N.C. 364, 90 S.E. 2d 898 (1956). Even if the deed to the Phillips plaintiffs was made with reference to the plat of the "Camp Stokes property", on which Retreat Street was shown as an open street, the record discloses that Retreat Street had been closed and effectively withdrawn from dedication by resolution of the City Council of the City of Greensboro on 21 August 1967, prior to the time any of the plaintiffs acquired title.

At that time G.S. 153-9(17) [now G.S. 160A-299] granted to the governing body of a municipality the power to close any street or road or portion thereof upon the following conditions: (1) notification by registered letter to adjoining property owners who did not join in the request for the closing; (2) publication of notice; (3) determination by the governing body "that the closing of said road is not contrary to the public interest and that no individual owning property in the vicinity of said street or road or in the subdivision in which is located said street or road will thereby be deprived of reasonable means of ingress and egress to his property." The statute provided further that:

> Upon the closing of a street or road in accordance with the provisions hereof, all right, title and interest in such portion of such street or road shall be conclusively presumed to be vested in those persons, firms or corporations owing lots or parcels of land adjacent to such portion of such street or road, and the title of each of such persons, firms or corporations shall, for the width of the abutting land owned by such

Investment Co. v. Greene

persons, firms or corporations, extend to the center of such street or road.

Plaintiffs contend that, despite the resolution of the City Council closing Retreat Street, plaintiff Investment Company purchased the property upon the representation that Retreat Street was open and that they are not bound by the resolution on the grounds that it was indexed only under the City of Greensboro in the grantor index in the Register of Deeds office in Guilford County and that the record does not disclose that notices required by G.S. 153-9(17) were given. This contention is without merit. In its resolution of 21 August 1967 the City Council found that notice that the hearing was to be held had been duly published and that the owners of all of the property abutting both sides of the portion of Retreat Street to be closed had requested such closing in writing.[1] No appeal was taken from the Council's action as allowed by G.S. 153-9(17). Because all of the abutting owners did consent to the closing, no other notices by mail to landowners were required by G.S. 153-9(17), and plaintiffs may not collaterally attack the Council's finding that notice of the hearing was duly published.

Further, we conclude that indexing of the resolution of the City Council closing Retreat Street under the name of the City of Greensboro, without also indexing it under the names of the abutting landowners who acquired the fee simple title to the portion closed, was all that G.S. 153-9(17) required. The statute provided only that a certified copy of the resolution of the governing body closing a street "shall be recorded in the office of the register of deeds office." The vesting of title to the closed street in the abutting landowners as a result of the resolution occurred not by conveyance from the municipality, but by operation of law.

---

[1]In its resolution the City Council also found as a fact "that the closing of the portion of [Retreat] street is not contrary to the public interest and that no individual or other party owning property in the vicinity of the street, or in the subdivision in which the street is located, will be deprived of reasonable means of ingress and egress to his or its property." Maps furnished for the hearing on defendants' motions for summary judgment show that plaintiffs' 3.5 acre tract abuts on and has direct access to Battleground Avenue, a major thoroughfare in the City of Greensboro.

**[2]** There being no genuine issue of material fact as to the validity of the City Council's resolution closing the portion of Retreat Street abutting the property which plaintiffs acquired, the question remains whether any such issue exists with respect to plaintiffs' claim of title to the strip of land representing what was formerly Retreat Street. As a result of the closing, defendant Underwood acquired fee simple title from its abutting boundary to the center of the street from the north, and defendant Edward I. Greene acquired fee simple title from his abutting boundary to the center of the street from the south. Although plaintiffs Kermit G. Phillips and Jeannette S. Phillips contend that they have title to the contested strip by adverse possession for seven years under color of title, the documentary evidence refutes their claim that color of title has been shown. Color of title has been defined "as a paper writing which on its face professes to pass the title to land but fails to do so because of want of title in the grantor or by reason of the defective mode of conveyance used." *Trust Co. v. Parker and Parker v. Trust Co.*, 235 N.C. 326, 332, 69 S.E. 2d 841, 845 (1952). The 1 June 1971 deed from G-K, Inc. to Investment Company, the Phillips's predecessor in title, conveyed no title to any property beyond the borderline of Retreat Street with the remainder of the tract conveyed. The deed conveying the same property from Investment Company to the Phillipses is not a part of the record, but even if the Phillipses have otherwise satisfied the legal requirements of adverse possession, the absence of a "paper writing" purporting to pass title to the closed portion of Retreat Street either to Investment Company or to the Phillipses defeats any claim of adverse possession under "color of title." No title could ripen until plaintiffs' possession had been maintained for twenty years. *Newkirk v. Porter*, 237 N.C. 115, 74 S.E. 2d 235 (1953).

**[3]** Neither is there any showing upon this record that when plaintiff Investment Company purchased the property in 1971, there was any representation by any of the defendants that they were conveying title beyond the Retreat Street boundary of the 3.5 acre tract. In April 1969 defendants Edward I. Greene and Esther Z. Greene had conveyed the 3.5 acre tract to G-K, Inc. by warranty deed, but they did not convey their fee simple title to the portion of Retreat Street which was closed. Neither was a party to the 1971 contract of sale with plaintiff Invest-

ment Company. G-K, Inc. alone entered into a contract with Investment Company to convey title to the subject property, and G-K alone executed the warranty deed dated 1 June 1971 in accordance with the contract of sale. Neither the contract of sale nor the warranty deed contained language promising to convey or purporting to convey any property north of the boundary of the tract with Retreat Street, title to which G-K, Inc. had never held. Absent allegations or any forecast of evidence of mutual mistake or fraud in the drafting of the 1971 deed from G-K, Inc. to plaintiff Investment Company, plaintiffs have raised no issue of material fact which would, if resolved, entitle them to reformation of the deed to include any portion of the closed section of Retreat Street. *Crawford v. Willoughby,* 192 N.C. 269, 134 S.E. 494 (1926).

[4]  The last of plaintiffs' claims for relief is based on allegations that they are entitled to recover $29,200.00 of the defendants for improvements made by them to Retreat Street, including grading, filling and building a retaining wall, in the good faith belief that they were maintaining a dedicated public way jointly with Underwood Realty, the property owner adjoining on the northeast. Although plaintiffs refer in their prayer for relief to the improvements as "betterments," the right to betterments is a defensive right only, which accrues to a party possessing land under color of title when the true owner seeks to enforce his right to possession. *Homes, Inc. v. Holt,* 266 N.C. 467, 146 S.E. 2d 434 (1966). Such is not the present case. Even treating the claim as grounded on the equitable doctrine of unjust enrichment, *see Rhyne v. Sheppard,* 224 N.C. 734, 32 S.E. 2d 316 (1944), no genuine issue of material fact has been raised which would prevent entry of summary judgment in favor of defendants. The essence of such a claim is that an owner of property who stands by while another, acting in the good faith belief that he has the right to do so and without inexcusable negligence, erects improvements upon that property, should not be entitled to retain the benefits without paying therefor. *Rhyne v. Sheppard, supra.* We hold as a matter of law that plaintiffs did not have the requisite good faith belief. Once an owner of land has dedicated a road to the public, with the sanction of the authorities, those authorities are thereafter responsible for maintenance and repairs: *Kennedy v. Williams,* 87 N.C. 6 (1882). G.S.

160A-296 and G.S. 136-66.1(2) confer upon municipalities not only the power, but also the duty, of extending, paving, cleaning and improving existing streets, and this duty may be delegated by contract to individuals only where the statutory bidding requirements are met. Plaintiffs in the present case did not purport to act under any colorable authority when they chose to improve Retreat Street in the erroneous belief that they were maintaining a dedicated public way. Thus, they can claim no good faith, albeit erroneous, belief that they had the right to make any improvements to the street, and they have no cause of action against the private individuals who in fact owned the property at the time the improvements were made.

Defendants carried their burden of showing that there were no issues of material fact to be resolved at trial. The judgments appealed from granting summary judgments in favor of defendants Edward I. Greene, G-K, Inc. and Underwood Realty Company are

Affirmed.

Judges Martin (Harry C.) and Hill concur.