JOHNNY BRADSHAW v. BELLE McELROY, Administratrix of the Estate of F. GRADY DAVIS, L. MEDFORD LEATHERWOOD, JAMES LEATHER-WOOD, and LOUISE PHILLIPS

No. 8230SC802

(Filed 7 June 1983)

1. **Frauds, Statute of § 2.1— agreement to convey land—latently ambiguous description**

   A written agreement for decedent to sell plaintiff "my entire woodland. This begins where my road and the main road begin and goes according to the survey done by Keith Gibson" contained only a latently ambiguous description of the land subject to the agreement which was capable of identification by reference to extrinsic matters.

2. **Vendor and Purchaser § 3.1— contract to convey—latent ambiguity in description—genuine issue of material fact as to property to be conveyed**

   In an action seeking specific performance of an agreement by decedent to sell plaintiff "my entire woodland. This begins where my road and the main road begin and goes according to the survey done by Keith Gibson," the evidence on motion for summary judgment presented a genuine issue of material fact as to whether a 10.38 acre portion shown on a prior survey of decedent's property constituted the "entire woodland" which decedent owned and contracted to convey to plaintiff where it established that the real property owned by decedent consisted of a single tract containing "some cleared land and some woodland"; the woodland was all together in one place and contained about 10 acres; a prior survey of decedent's property showed a line dividing a 15.36 acre portion, which contained a brick dwelling, from a 10.38 acre portion, which contained no structures; and the survey clearly established the calls and distances for each portion from which a metes and bounds description could readily be prepared. G.S. 1A-1, Rule 56(c).

APPEAL by plaintiff from *Thornburg, Judge.* Judgment entered 8 July 1982 in Superior Court, JACKSON County. Heard in the Court of Appeals 18 May 1983.

On 26 January 1981 F. Grady Davis signed a handwritten document which, in pertinent part, stated the following: "I . . . agree to sell [plaintiff] my entire woodland. This begins where my road and the main road begin and goes according to the survey done by Keith Gibson." Davis died later that day without having made the conveyance.

Plaintiff instituted this action seeking specific performance of the alleged contract to convey. Defendants answered, admitting, *inter alia,* execution by decedent of the paper writing, but deny-

---

Bradshaw v. McElroy

---

ing (1) that it constituted a contract to convey real property, and (2) that the "woodland" was described by metes and bounds in an exhibit attached to the complaint.

Plaintiff appeals from summary judgment for defendants.

*Frank G. Queen, and Noland, Holt, Bonfoey & Davis, by Richlyn D. Holt, for plaintiff appellant.*

*Brown, Ward, Haynes & Griffin, P.A., by H. S. Ward, Jr., and William Paul Powell, Jr., for defendant appellees.*

WHICHARD, Judge.

[1]   The issue is whether the description of the property subject to the contract is patently ambiguous, thus rendering the contract void as a matter of law under the statute of frauds, or whether it is merely latently ambiguous and capable of identification by reference to extrinsic matters. We hold the description merely latently ambiguous. Summary judgment for defendants thus was improper.

The statute of frauds provides that "[a]ll contracts to sell or convey any lands . . . shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith . . . ." G.S. 22-2 (1965). The writing must contain a description of the land, the subject matter of the contract, either certain in itself or capable of being reduced to certainty by something extrinsic to which the contract refers. *Lane v. Coe,* 262 N.C. 8, 12, 136 S.E. 2d 269, 273 (1964).

A description which leaves the subject of the contract, the land, in a state of absolute uncertainty, and which refers to nothing extrinsic by which it might possibly be identified with certainty, is patently ambiguous. Parol evidence is not admissible to aid such a description, *id.* at 13, 136 S.E. 2d at 273, and the instrument which contains it is void.

A description is "latently ambiguous if it is insufficient in itself to identify the property but refers to something extrinsic by which identification might possibly be made." *Id.* "In such case plaintiff may offer evidence, parol and other, with reference to such extrinsic matter tending to identify the property, and defendant may offer such evidence with reference thereto tending to show impossibility of identification, i.e., ambiguity." *Id.*

In *Carson v. Ray*, 52 N.C. 609 (1860), a deed described property as [m]y house and lot in the town of Jefferson . . . ." The Court held the description not patently ambiguous. It emphasized the word "my," noting that the phrase "my house and lot" imports a particular house and lot. It also stated that when the writing itself does not indicate that the grantor had more than one house and lot, such will not be presumed.

In *Sessoms v. Bazemore*, 180 N.C. 102, 104 S.E. 70 (1920), the Court found no error in a judgment granting specific performance of a contract which stated, "I . . . agree to sell my farm to [plaintiff] . . . ." *Id.* at 103, 104 S.E. at 70. It held that the reference to "my farm" was "sufficiently definite to permit the reception of parol evidence to fit the description to the property claimed as the subject-matter of the contract." *Id.* at 103, 104 S.E. at 71. Compare *Pierce v. Gaddy*, 42 N.C. App. 622, 257 S.E. 2d 459, *disc. rev. denied*, 298 N.C. 569, 261 S.E. 2d 124 (1979), in which the description "[f]or farm," without further identification or reference to an extrinsic source by which the particular farm could be made certain, was held insufficient under the statute of frauds.

In *Norton v. Smith*, 179 N.C. 553, 103 S.E. 14 (1920), a contract for the sale of land described the subject property as "his [the prospective grantor's] entire tract or boundary of land consisting of 146 acres . . . ." *Id.* at 553, 103 S.E. at 14. The Court held this sufficient to permit parol evidence to identify the land or "[fit] the description to the land intended to be conveyed." *Id.* at 556, 103 S.E. at 15.

See also, holding similar descriptions sufficient to be aided by parol evidence, the following: *Gilbert v. Wright*, 195 N.C. 165, 141 S.E. 577 (1928) ("the vacant lot" sufficient description where other parts of the contract, together with attendant circumstances, left no doubt as to lot intended); *Bateman v. Hopkins*, 157 N.C. 470, 73 S.E. 133 (1911) ("the farm on which I now live"); *Janney v. Robbins*, 141 N.C. 400, 53 S.E. 863 (1906) ("all of our land in . . . North Carolina"); and *Garrison v. Blakeney*, 37 N.C. App. 73, 246 S.E. 2d 144, *disc. rev. denied*, 295 N.C. 646, 248 S.E. 2d 251 (1978) ("(½) interest in my farm" in a named township and county, with adjoining landowners listed, etc.).

The question of patent ambiguity is one of law for the court. *See Carson v. Ray, supra*, 52 N.C. at 611. *See also Carlton v.*

*Anderson,* 276 N.C. 564, 565, 173 S.E. 2d 783, 784 (1970). Pursuant to the foregoing authorities, the ambiguity here was not patent. The description "my entire woodland" is as capable of being made certain as are the descriptions "[m]y house and lot in . . . Jefferson" *(Carson, supra),* "my farm" *(Sessoms, supra),* "his entire tract" *(Norton, supra),* "the vacant lot" *(Gilbert, supra),* "the farm on which I now live" *(Bateman, supra),* "all of our land in . . . North Carolina" *(Janney, supra),* and "(½) interest in my farm" *(Garrison, supra).*

[2]   The description, while not patently ambiguous, was latently so. Plaintiff thus could offer evidence, parol and other, which tended to identify the property. *Lane v. Coe, supra.* The question becomes, then, whether the pleadings and the forecast of extrinsic evidence in response to defendant's motion for summary judgment sufficed to establish a genuine issue of material fact as to the description of the property subject to the contract to convey. *See* G.S. 1A-1, Rule 56(c) (1969); *Kessing v. Mortgage Corp.,* 278 N.C. 523, 533-35, 180 S.E. 2d 823, 829-30 (1971); *Best v. Perry,* 41 N.C. App. 107, 109-10, 254 S.E. 2d 281, 283-84 (1979).

In determining whether a genuine issue of material fact exists, the court must view all material furnished in support of and in opposition to the motion for summary judgment in the light most favorable to the party opposing the motion. *Investment Co. v. Greene,* 48 N.C. App. 29, 33, 268 S.E. 2d 810, 813, *disc. rev. denied,* 301 N.C. 235, 283 S.E. 2d 132 (1980). Summary judgment is a "drastic remedy" which should be approached with caution. *Taylor v. Air Conditioning Corp.,* 43 N.C. App. 194, 198, 258 S.E. 2d 399, 402, *disc. rev. denied,* 298 N.C. 809, 262 S.E. 2d 4 (1979). It "should be awarded only where the truth is quite clear." *Volkman v. DP Associates,* 48 N.C. App. 155, 157, 268 S.E. 2d 265, 267 (1980).

Viewing the forecast of evidence, as required, in the light most favorable to plaintiff and with appropriate caution, we find the following:

Defendants, in response to a request for admissions, admitted that the real property owned by the deceased prospective grantor consisted of a single tract. They further admitted that this tract contained "some cleared land and some woodland."

The decedent's brother testified on deposition that the woodland was "all together in one place." He further testified that there were "about ten acres of this woodland."

A 5 May 1981 survey of decedent's property which plaintiffs introduced showed a line dividing a 15.36 acre portion, which contained a brick dwelling, from a 10.38 acre portion, which contained no structures. Further, it clearly established the calls and distances for each portion, from which a metes and bounds description could readily be prepared.

Given, then, that decedent's property consisted of a single tract of "some cleared land and some woodland," that the woodland was "all together in one place," and that there were "about ten acres of this woodland," we believe there was a genuine issue of material fact as to whether the 10.38 acre portion shown on the survey constituted the "entire woodland" which decedent owned and contracted to convey to plaintiff. While plaintiff's forecast of evidence is not a model of clarity, neither is it "quite clear" that the property subject to the contract to convey defies description. Summary judgment for defendants thus was improper under the governing principles set forth above.

We have considered the other arguments favoring summary judgment set forth in defendant's brief, and we find that at most they present questions of fact for the jury.

The judgment is therefore reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Judges JOHNSON and EAGLES concur.