KIRK B. BENNETT AND BARBARA BENNETT v. H. WALTER FULLER AND NORMA J. FULLER

No. 8325SC442

(Filed 3 April 1984)

Vendor and Purchaser § 3.1— contract to convey realty—insufficient description
    A contract to convey realty which described the property as "Located in the City of Morganton, N.C., County of _____, State of North Carolina, being known as and more particularly described as: Street Address—Industrial Boulevard, Legal Description: BK 235 P 126 Metes & Bounds" contained a patently ambiguous description and was void under the Statute of Frauds, G.S. 22-2, where the sellers conceded that they do not own all of the property described in Deed Book 235 at page 126 and contend that incorrect book and page numbers were placed in the contract by mutual mistake.

APPEAL by plaintiffs from Sitton, Judge. Judgment entered 9 March 1983 in BURKE County Superior Court. Heard in the Court of Appeals 8 March 1984.

This is a civil action wherein plaintiffs seek specific performance of a contract to purchase land. The complaint alleges that on

17 April 1981 plaintiffs and defendants entered into a contract whereby defendants agreed to purchase certain property owned by plaintiffs. The contract described the property as 'Located in the City of Morganton, N.C., County of _____, State of North Carolina, being known as and more particularly described as: Street Address—Industrial Boulevard, Legal Description: BK 235 P 126 Metes & Bounds.' Plaintiffs alleged that they were willing and able to transfer title on the date for closing but that defendants repudiated the contract. Plaintiffs prayed for specific performance of the contract.

Defendants answered, denying the essential allegations in plaintiffs' complaint, and asserted two counterclaims. In their first counterclaim defendants allege that the property description, the purchase price, and the terms of the condition precedent were patently ambiguous and therefore unenforceable; that the real estate agent misrepresented the size of the structure located on the property; and that they are entitled to recover the earnest money held in escrow by plaintiffs' realtor. In their second counterclaim defendants allege that should they be required to specifically perform the contract, then plaintiffs should be required to convey all the property described in Book 235 at Page 126 of the Burke County Registry.

Plaintiffs replied alleging that the reference to a deed located in Deed Book 235 Page 126 was included by mutual mistake and that the property which was the subject of the agreement was only a portion of the property described in Book 235 at Page 126. On 9 August 1982, plaintiffs moved to amend their complaint to allege that the legal description set forth in the contract was incorrect and was included as a result of mutual mistake between the parties and that it was the intent of the parties to identify the property as that described in Book 448 at Page 207 of the Burke County Registry.

On 22 February 1983, defendants moved for summary judgment, alleging that the contract was so patently ambiguous as to violate the Statute of Frauds, and, therefore, they were entitled to judgment as a matter of law. In support of their motion, defendants submitted their pleadings and plaintiffs' answers to interrogatories. On 9 March 1983, Judge Sitton first allowed plaintiffs' motion to amend, and then entered summary judgment for

defendants, stating that it appeared to the court "that the legal description in the 'Offer to Purchase and Contract' which plaintiffs seek to have specifically enforced is patently ambiguous and therefore unenforceable by plaintiffs." From this judgment plaintiffs appealed.

*Mitchell, Teele, Blackwell & Mitchell, by Marcus W. H. Mitchell, Jr., for plaintiffs.*

*Martin & Poovey, by Mark N. Poovey, for defendants.*

WELLS, Judge.

The sole question presented for review is whether the trial court erred in granting defendants' motion for summary judgment on the grounds that the legal description of the property contained in the contract was so patently ambiguous as to render the contract unenforceable under the Statute of Frauds.

N.C. Gen. Stat. § 1A-1, Rule 56(c) of the Rules of Civil Procedure in pertinent part provides: that summary judgment ". . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

> The purpose of the rule is to eliminate formal trials where only questions of law are involved . . . The procedure under the rule is designed to allow a preview or forecast of the proof of the parties in order to determine whether a jury trial is necessary . . . Put another way, the rule allows the trial court 'to pierce the pleadings' to determine whether any genuine factual controversy exists . . . An issue is 'genuine' if it can be proven by substantial evidence and a fact is 'material' if it would constitute or irrevocably establish any material element of a claim or a defense.

*Lowe v. Bradford,* 305 N.C. 366, 289 S.E. 2d 363 (1982). (Citations omitted.)

If plaintiffs are to recover under the contract, the instrument must comply with the requirement of the Statute of Frauds. N.C. Gen. Stat. § 22-2 (1965 & 1983 Cum. Supp.) provides: "All con-

tracts to sell or convey any lands, tenements or hereditaments, or any interest in or concerning them, . . . shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized."

An essential feature of a contract to convey land is a description of the land, certain in itself or capable of being rendered certain by reference to an extrinsic source designated therein. *Bradshaw v. McElroy*, 62 N.C. App. 515, 302 S.E. 2d 908 (1983). The contract cannot contain a patent ambiguity. A patent ambiguity exists when the description leaves the land to be conveyed ". . . in a state of absolute uncertainty and which refers to nothing extrinsic by which it might possibly be identified with certainty. . . ." *Id.* When this occurs parol evidence is not admissible to explain the description and the contract is void. *Lane v. Coe*, 262 N.C. 8, 136 S.E. 2d 269 (1964). Whether a description is patently ambiguous is a question of law. *Carlton v. Anderson*, 276 N.C. 564, 173 S.E. 2d 783 (1970).

Plaintiffs concede that they do not own all of the property described in that deed recorded in Book 235, at Page 126, of the Burke County Registry, but argue, however, that because of a mutual mistake, they should be allowed to reform the contract by substituting the Book and Page numbers of the property they do own on Industrial Boulevard for the incorrect numbers included in the contract. We cannot agree. If appellants were allowed to reform the contract by inserting the corrected Book and Page numbers they would be creating a new description in violation of the parol evidence rule. The rule in such cases is:

> If the description is so vague and indefinite that effect cannot be given the instrument without writing new, material language into it, then it is void and ineffectual . . .
>
> . . .
>
> . . . The purpose of parol evidence . . . is to fit the description to the property—not to create a description. There must be language in the . . . [instrument] sufficient to serve as a pointer or a guide to the ascertainment of the location of the land. The expression of the intention of the parties to the . . . [instrument] must appear thereon. Parol

evidence is resorted to merely to bring to light this intention—but never to create it.

*Thompson v. Umberger,* 221 N.C. 178, 19 S.E. 2d 484 (1942). (Citations omitted.)

Although it may appear inconsistent for the trial judge to have allowed plaintiffs to amend their complaint to assert a theory of recovery he promptly ruled to be invalid, nevertheless, we hold that, because the contract to purchase property contains a patently ambiguous description which cannot be corrected without doing violence to the requirements of the Statute of Frauds the trial court properly awarded summary judgment in favor of the defendants.

Affirmed.

Judges ARNOLD and BRASWELL concur.