JOHN W. BROOKS, PLAINTIFF v. HAROLD D. HACKNEY AND MARGARET B. HACKNEY, DEFENDANTS

No. 8915SC1199

(Filed 6 November 1990)

**Frauds, Statute of § 2.2 (NCI3d) — contract to convey — patently ambiguous description**

    The description in a contract to convey twenty-five acres of a one hundred fifteen acre tract was patently ambiguous where the northern boundary was described as "with the Whitehead line. Thence straight to road that goes by Plainfield Church" since this line could be drawn in an infinite number of ways. Therefore, the contract is void and unenforceable under the statute of frauds, N.C.G.S. § 22-2.

    **Am Jur 2d, Statute of Frauds §§ 322, 323.**

    **Sufficiency of description or designation of land in contract or memorandum of sale, under statute of grounds. 23 ALR2d 6.**

    Judge PHILLIPS dissenting.

APPEAL by plaintiff from judgment entered 31 July 1989 by *Judge Gordon Battle* in CHATHAM County Superior Court. Heard in the Court of Appeals 8 May 1990.

The following facts are undisputed:

On 17 February 1979, defendants owned a tract of land comprising approximately one hundred fifteen acres on the Plainfield Church Road in Chatham County ("Plainfield Tract"). On that date, they agreed to sell to plaintiff and his late wife, Marilyn B. Brooks, twenty-five acres from the Plainfield Tract. There was a written memorandum of agreement between plaintiff and defendants. The writing specified a purchase price of $43,750.00 to be paid in a $6,000.00 down payment and monthly payments of $400.00 each. Plaintiff made the down payment and timely monthly payments called for in the writing from 17 February 1979 to 1 June 1987, a period of eight years and four months, thereby paying to defendants a total of $50,700.00. The interest rate agreed upon was 12% per annum until paid in full, beginning 1 March 1979, and subse-

quently, the annual interest rate decreased to 11% with the first payment at said rate beginning 1 March 1979. Plaintiff received no deed for property from defendants. The agreement between plaintiff and defendants did not specify the date on which defendants would make a deed to plaintiff. Plaintiff, by letter dated 1 July 1987, demanded the sum of $50,700 from defendants and stated that defendants would have possession and ownership of their land free and clear of all claims by plaintiff. Defendants kept all money paid and refused to return any of it.

Plaintiff filed a complaint claiming (1) the statute of frauds voided the contract, entitling plaintiff to recover the money paid to defendants, (2) unjust enrichment, and (3) breach of contract. Defendants filed an answer claiming defenses of (1) failure to state a claim, (2) bar by the three-year statute of limitations, (3) estoppel, and (4) laches. In addition, defendants asserted a counterclaim, arguing that plaintiff failed to comply with the terms of the "contract" resulting in forfeiture of his rights under said contract. Plaintiff filed a reply, asserting defenses of statute of frauds and breach of contract.

Plaintiff filed a motion for summary judgment based upon the claims of a void contract and unjust enrichment. Defendants filed a motion for summary judgment as well. The trial court denied plaintiff's motion for summary judgment and granted summary judgment for the defendants. From this judgment, plaintiff appeals.

*Law Firm of Wade Barber, by Wade Barber, for plaintiff appellant.*

*Edwards & Atwater, by Phil S. Edwards, and Love & Wicker, by Dennis A. Wicker, for defendant appellees.*

ARNOLD, Judge.

The question presented on appeal is whether the trial court properly denied plaintiff's motion for summary judgment. We must determine (1) whether there is a genuine issue as to any material fact, and (2) whether the movant is entitled to judgment as a matter of law. N.C.R. Civ. P. 56(c).

Plaintiff argues that the trial court should have granted his motion for summary judgment because the evidence raised no material issue of fact, but only a question of law: is the property description contained in the writings sufficiently definite to meet

the requirements of the statute of frauds. *See Searcy v. Logan*, 226 N.C. 562, 565, 39 S.E.2d 593, 595 (1946). If not, the contract is void. Whether a description in a contract to convey land is ambiguous so as to render the contract void under the statute of frauds is a question of law for the court. *Bradshaw v. McElroy*, 62 N.C. App. 515, 517, 302 S.E.2d 908, 911 (1983). The only facts material to the determination of that question are the existence and contents of the written agreement. N.C. Gen. Stat. § 22-2 (1986); *Lane v. Coe*, 262 N.C. 8, 12, 136 S.E.2d 269, 273 (1964). In this case, the existence and contents of the written agreement have been established. Therefore, the question is, as a matter of law, whether the written description of the property contained in the writings was sufficiently definite to satisfy the requirements of the statute of frauds.

The statute of frauds states that: "[a]ll contracts to sell or convey any lands . . . shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged . . . ." G.S. § 22-2. A deed or a contract to sell land must contain, among other things, a sufficient description of the land to be sold or conveyed, to satisfy the statute of frauds. *Searcy*, at 565, 39 S.E.2d at 595. To be sufficient, the description must be certain in itself or capable of being reduced to certainty by reference to something extrinsic to which the contract refers. *Id*. In addition, property descriptions that purport to carve small tracts of land out of larger tracts must specifically identify the part to be conveyed in order to comply with the statute of frauds. *Sheppard v. Andrews*, 7 N.C. App. 517, 521-22, 173 S.E.2d 67, 70 (1970).

"[A] patent ambiguity is such an uncertainty appearing on the face of the instrument that the court, reading the language in the light of all the facts and circumstances referred to in the instrument, is unable to derive therefrom the intention of the parties as to what land was to be conveyed." *Thompson v. Umberger*, 221 N.C. 178, 180, 19 S.E.2d 484, 485 (1942). Plaintiff contends that the writing does not describe a particular twenty-five acre portion of the Plainfield Tract because the northern boundary described as "with the Whitehead line. Thence straight to road that goes by Plainfield Church . . ." could be drawn in an infinite number of ways. We agree. Because there is uncertainty as to the land intended to be conveyed, and the writings refer to nothing extrinsic by which such uncertainty can be resolved, the description is patently

ambiguous. *Overton v. Boyce*, 289 N.C. 291, 294, 221 S.E.2d 347, 349 (1976).

Where ambiguity exists in a property description contained in a writing, it is a question of law to be decided by the court as to whether the ambiguity is patent or latent. *Kidd v. Early*, 289 N.C. 343, 353, 222 S.E.2d 392, 400 (1976); *Bradshaw*, 62 N.C. App. 515, 516, 302 S.E.2d 908, 911.

Parol evidence is not admitted to explain patent ambiguities. *Lane*, at 13, 136 S.E.2d at 273.

The purpose of parol evidence . . . is to fit the description to the property — not to create a description. There must be language in the [instrument] sufficient to serve as a pointer or a guide to the ascertainment of the location of the land. The expression of the intention of the parties to the [instrument] must appear thereon. Parol evidence is resorted to merely to bring to light this intention — but never to create it.

*Thompson*, 221 N.C. at 180, 19 S.E.2d at 485.

If the description is so vague and indefinite that effect cannot be given the instrument without writing new, material language into it, then it is void and ineffectual. *Id.*

We have examined the record on appeal, and the evidentiary materials filed by the parties indicate there is no genuine issue of material fact and plaintiff is entitled to judgment as a matter of law. Accordingly, we hold, as a matter of law, that the contract is void under the statute of frauds and not enforceable. It follows then that there is no genuine issue to be litigated. Furthermore, plaintiff's payment of $50,700 to defendants pursuant to a contract which is void under the statute of frauds unjustly enriched defendants. Plaintiff received nothing in return. Therefore, plaintiff must be restored to the position he held before entering into the agreement with defendants, which requires defendants to return the money paid to them with interest.

Having established that the contract is void, we do not reach plaintiff's additional argument that the trial court erred in dismissing his claim for breach of contract.

We reverse the order of the trial court granting summary judgment for defendants and remand this cause for entry of judg-

ment for plaintiff. In addition, the trial court is directed to determine the amount of interest to which plaintiff is entitled.

Reversed and remanded.

Judge COZORT concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

The record shows without contradiction that: In the fall of 1978, at the suggestion of some friends who had bought some land from defendants, plaintiff asked defendants to let him visit their property for the purpose of offering to buy some of it. After walking over all of defendants' property with them and visiting them seven or eight more times, plaintiff got defendants to agree to sell him twenty-five acres for $1,750 an acre, payable in monthly installments with interest. Both parties understood that plaintiff was buying the "southernmost twenty-five acres" of defendants' larger tract. The agreement stating the terms of the purchase and describing the land bought was composed by plaintiff and written in his hand. After making the payments required by the agreement and using the described land in various ways as he saw fit for more than eight years, plaintiff notified defendants he was of the opinion the contract was void and demanded the return of his money, and when defendants refused to comply filed this action for the return of the money. Defendants have stood ready at all times to deed the land purchased to plaintiff upon receiving the balance of the purchase price, which has not been tendered. In regard to the northern boundary of the purchased tract, the only uncertainty of which plaintiff complains, the record does not indicate that there has been a dispute between the parties with respect to it, and defendants have stipulated that plaintiff can establish that line as he sees fit consistent with the other terms of the agreement.

In my opinion these circumstances required the court to dismiss plaintiff's action for several reasons. First, plaintiff, having created any uncertainty that exists and having adhered to the contract for eight years, is in no position either legally or equitably to call on the law to extricate him from his obligation and require defendants to return what he has paid on it. Second, the statute of frauds is a defensive, rather than an offensive, vehicle. Third,

the trial judge ruled correctly, I believe, that the phrase, "Thence straight to road that goes by Plainfield Church" was intended and understood by the parties to mean taking the shortest distance to get to the road in arriving at the southern twenty-five acres of defendants' property. Fourth, even if the phrase is regarded as ambiguous, it is a latent ambiguity which requires no clarification by evidence in view of defendants' stipulation that it can mean any twenty-five acres plaintiff wants consistent with the other contract terms.