W. R. ALLEN AND WIFE, ANNETTE ALLEN v. ROY LEE DUVALL, MELBA JEAN DUVALL, AND CHARLIE BYRD DUVALL

No. 437PA83

(Filed 5 June 1984)

1. **Easements § 4.1— reservation of easement—sufficiency of description**

     When an easement is created by deed, either by express grant or by reservation, the description thereof must either be certain in itself or capable of being reduced to a certainty by a recurrence to something extrinsic to which it refers. There must be language in the deed sufficient to serve as a pointer or a guide to the ascertainment of the location of the land.

2. **Easements § 4.1— grant or reservation of easement—sufficiency of description**

     An alleged grant or reservation of an easement will be void and ineffectual only when there is such an uncertainty appearing on the face of the instrument itself that the court—reading the language in the light of all the facts and circumstances referred to in the instrument—is yet unable to derive therefrom the intention of the parties as to what land was to be conveyed.

3. **Easements § 4.1— reservation of easement in deed—sufficiency of description**

     Language in a 1914 deed reserving "a right of way for a road for wagons and all purposes, beginning at G. L. Allen's line and running up on East side of creek over this land; also a right of way for road to be kept open from the above road out to the Beaverdam Road near Alston's Chapel, or schoolhouse" contained only a latent ambiguity and was sufficient to create two easements by reservation since the description was capable of being rendered certain by reference to something extrinsic (the preexisting roads). Further, the use of the roads in question by plaintiffs' predecessors in title, acquiesced in by defendants' predecessors in title of the servient estate, sufficiently located the roads on the ground, which is deemed to be that which was intended by the reservation of the easements.

     Justice MITCHELL did not participate in the consideration or decision of this case.

ON discretionary review, pursuant to N.C.G.S. 7A-31, of the decision of the Court of Appeals, 63 N.C. App. 342, 304 S.E. 2d 789 (1983), setting aside the judgment in favor of plaintiffs by *Thornburg, J.,* 4 January 1982 Session of Superior Court, JACKSON County. Judgment filed 11 February 1982, out of session, in HAYWOOD County. Heard in the Supreme Court 11 April 1984.

This is an action for slander of title in which plaintiffs seek damages and the establishment of two easements across defendants' land for the benefit of plaintiffs' real property. The parties own adjacent tracts of land in a Haywood County valley near Canton.

Evidence for the plaintiffs tended to show that two easements were created by express reservation pursuant to the following language in a 1914 deed to defendants' predecessor in title:

Reserving however a right of way for a road for wagons and all purposes, beginning at G. L. Allen's line and running up on East side of creek over this land; also a right of way for road to be kept open from the above road out to the Beaverdam Road near Alston's Chapel, or schoolhouse.

The deed to the defendants Duvall contains the following reference to the 1914 easements:

Subject to road rights of way set out in Deed dated October 7, 1914, from R. G. White and wife to W. S. McCracken registered in Deed Book 43, page 401. . . .

Concerning the first right-of-way described in the 1914 language above, plaintiff W. R. Allen testified:

Yes, there is a road on my property. From Beaverdam Creek, it runs from the Allen line [not to be confused with the property line of the plaintiffs Allen] all the way through Mr. Duvall's property on up into mine.

. . . .

The roadway that I have located and described has always been used by me to get into my property. . . . I do not have any other means of access to my property.

There was further testimony to the effect that both roads had been in existence since before 1914, one following the course described across defendants' property, with another road running off the first road to the Beaverdam Road. A surveyor testified as to a survey he had made of the roads as shown by plaintiffs' evidence. A map of the roads was offered into evidence.

In June 1980, the Allens contracted to sell their land to Mr. Bud Mehaffey for $25,000. Mehaffey thereupon paid plaintiffs $12,000 but held back $13,000 when he was told by defendant Roy Lee Duvall that there was no right-of-way across the Duvall land, nor would there be any.

Defendant Roy Duvall testified that he had informed Mehaffey that plaintiffs did not have an easement, explaining: "I had a lawyer to abstract my deed when I bought it and he didn't say that Mr. Allen had a right-of-way." Duvall further testified that he had put a gate across the road, which he has used "as against the world."

Judge Thornburg, sitting without a jury, found that there is a recognizable roadway across defendants' property. He concluded that plaintiffs are entitled to the claimed easements. He further found that defendant Roy Lee Duvall had made a false statement to Bud Mehaffey about the easements in question; Duvall knew it was false; the statement was made maliciously. The trial judge awarded damages to plaintiffs of $4,674.87, which represented interest at 13 percent on $13,000 annualized from the date Mehaffey refused to pay this remainder of the purchase price on the Allen property.

The Court of Appeals found that the description in defendants' chain of title was insufficient to create an easement by reservation and remanded the case for a new trial on the questions of whether the evidence may have been sufficient to establish either an easement by prescription or an easement by way of necessity.

*Erwin, Winner & Smathers, P.A., by Patrick U. Smathers, for plaintiff appellants.*

*Redmond, Stevens, Loftin & Currie, by Thomas R. West, for defendant appellees.*

MARTIN, Justice.

We granted discretionary review in this case to consider the single question: Was the language quoted above in the 7 October 1914 deed to W. S. McCracken, predecessor in title to defendants, sufficient as a matter of law to create by express reservation the appurtenant easements claimed by plaintiffs?

We hold that it was sufficient and reverse the decision of the Court of Appeals and remand this case for reinstatement of the judgment of the trial court.

The Court of Appeals based its opinion upon the premise that this Court's opinion in *Borders v. Yarbrough,* 237 N.C. 540, 75 S.E. 2d 541 (1953), was overruled by *Oliver v. Ernul,* 277 N.C. 591, 178 S.E. 2d 393 (1971). In so doing, the Court of Appeals erred. *Oliver* did not overrule *Borders,* either expressly or by implication.

In *Oliver* the paperwriting in question failed to create an easement because the description was uncertain in itself and was not capable of being reduced to certainty as it did not refer to anything extrinsic. The grantees in *Oliver* attempted to create an easement for a road, and although a road existed prior to the attempted grant, no reference to it was made in the paper. The description being vague and indefinite, it was patently ambiguous and void for uncertainty.

On the other hand, the description in *Borders,* while indefinite, expressly referred to a preexisting sewer line (for which the easement was created) across the land of the servient estate. The description in *Borders,* therefore, was capable of being rendered to a certainty by a recurrence to something extrinsic (the preexisting sewer line) to which it referred. *Oliver v. Ernul, supra.*

*Oliver* and *Borders* are not inconsistent, and we reaffirm the holdings in both opinions. Further, since *Oliver,* 1971, this Court has relied upon and cited with approval *Borders v. Yarbrough, supra,* in *Yount v. Lowe,* 288 N.C. 90, 215 S.E. 2d 563 (1975); *Hensley v. Ramsey,* 283 N.C. 714, 199 S.E. 2d 1 (1973); and *Builders Supplies Co. v. Gainey,* 282 N.C. 261, 192 S.E. 2d 449 (1972). The Court of Appeals itself has cited and relied upon *Borders* in *Hanes v. Kennon,* 46 N.C. App. 597, 265 S.E. 2d 488 (1980); *Adams v. Severt,* 40 N.C. App. 247, 252 S.E. 2d 276 (1979); *Prentice v. Roberts,* 32 N.C. App. 379, 232 S.E. 2d 286, *disc. rev. denied,* 292 N.C. 730 (1977), all after *Oliver* was filed in 1971.

We hold that the result in this appeal is controlled by *Borders v. Yarbrough, supra.*

"With reference to the manner of grant, the rule is that in describing an easement, all that is required is a description which identifies the land that is the subject of the easement and expresses the intention of the parties. No set form or

particular words are necessary to grant an easement. As a general rule, any words clearly showing the intention to grant an easement which is by law grantable are sufficient. In easements, as in deeds generally, the intention of the parties is determined by a fair interpretation of the grant." 17 Am. Jur., Easements, Sec. 25.

. . . .

It is stated in 110 A.L.R., Annotation . . . "where the grant of an easement of way does not definitely locate it, it has been consistently held that a reasonable and convenient way for all parties is thereby implied, in view of all the circumstances" . . . "It is a settled rule that where there is no express agreement with respect to the location of a way granted but not located, the practical location and user of a reasonable way by the grantee, acquiesced in by the grantor or owner of the servient estate, sufficiently locates the way, which will be deemed to be that which was intended by the grant."

237 N.C. at 542, 75 S.E. 2d at 543.

[1] When an easement is created by deed, either by express grant or by reservation, the description thereof "must either be certain in itself or capable of being reduced to a certainty by a recurrence to something extrinsic to which it refers. . . . *There must be language in the deed sufficient to serve as a pointer or a guide to the ascertainment of the location of the land.*" Thompson v. Umberger, 221 N.C. 178, 180, 19 S.E. 2d 484, 485 (1942) (and cases cited therein) (emphasis ours). *See Oliver v. Ernul, supra,* 277 N.C. 591, 178 S.E. 2d 393.

[2] It is to be stressed that an alleged grant or reservation of an easement will be void and ineffectual only when there is such an uncertainty appearing on the face of the instrument itself that the court—reading the language in the light of all the facts and circumstances *referred to in the instrument*—is yet unable to derive therefrom the intention of the parties as to what land was to be conveyed. *Thompson v. Umberger, supra.*

[3] In the case at bar, the language of reservation in the 1914 deed was clearly sufficient to create the two easements in question:

[A] right of way for a road for wagons and all purposes, beginning at G. L. Allen's line and running up on East side of creek over this land; also a right of way for road to be kept open from the above road out to the Beaverdam Road near Alston's Chapel, or schoolhouse.

The requisite intent to reserve the two rights-of-way is plain and unmistakable. The reservation of the easement refers to "a road for wagons and all purposes" and to "a right of way for a road to be kept open from the above road out to the Beaverdam Road." The evidence showed that these two roads were being used across the property in question at the time of the reservation.

Plaintiffs introduced surveys, photographs, and maps enabling the trier of fact to conclude that recognizable roadways exist and follow identifiable courses and distances. To establish the existence of the road prior to the 1914 reservation, the plaintiffs produced the testimony of four witnesses between the ages of seventy-six and eighty-four. Having grown up on or near the land in question, these men identified plaintiffs' exhibits above as the same roads referred to in the 1914 deed.

[Referring to a map of the first right-of-way.]

Q. Did you ever drive on the road?

A. Oh yes, I used to deliver groceries up there at that house. . . . I drove on that road ever since 1913. I've been up and down it ever since 1913. I've driven a horse and wagon and buggy and Ford automobile and a Rio truck. I've been up there in everything about you can move on.

. . . .

[The second right-of-way.]

Now I'm going to hand you what's been marked Plaintiffs' Exhibits 28 and 29 and ask you if that is a picture of the road that led to Austins' Chapel.

A. Yes, that's where they crossed the creek and went up. Yes, used to carry water out of that spring to the schoolhouse to school there. That road is different from the one to

Mr. Allen's tract of land, it runs up to the left around the barn and up by the spring. . . .

Everybody used the road going to the left, Dawson Chapel Road at that time, was a main road up through there. . . . It was open for wagons, buggies and anything. The kids would come to school using that road. The road going to Mr. Allen's property I'd say, it's 12, 15 feet. Two cars could pass on it. You'd have to pull off if you met anybody.

. . . .

Had to use Alston's Chapel Road, use to be the only road there was, had to go that way to get to Beaverdam. I passed people on the road into the Allen property, they would sometimes be walking, in a buggy, and a T Model Ford, or some of them had automobiles.

The law endeavors to give effect to the intention of the parties, whenever that can be done consistently with rational construction. 2 Thompson, *Real Property* § 332 (1980). When the terms used in the deed leave it uncertain what property is intended to be embraced in it, parol evidence is admissible to fit the description to the land—never to create description. *Thompson v. Umberger, supra,* 221 N.C. 178, 19 S.E. 2d 484; *Self Help Corp. v. Brinkley,* 215 N.C. 615, 2 S.E. 2d 889 (1939). When, as here, the ambiguity in the description is not patent but latent—referring to something extrinsic by which identification might be made—the reservation will not be held to be void for uncertainty. *Oliver v. Ernul, supra,* 277 N.C. 591, 178 S.E. 2d 393; *Thompson v. Umberger, supra.* The use of the roads in question by plaintiffs' predecessors in title, acquiesced in by defendants' predecessors in title of the servient estate, sufficiently locates the roads on the ground, which is deemed to be that which was intended by the reservation of the easements. *Borders v. Yarbrough, supra,* 237 N.C. 540, 75 S.E. 2d 541.

The decision of the Court of Appeals is reversed, and the case is remanded to that court for further remand to the Superior Court, Haywood County, for reinstatement of the judgment rendered therein.

Reversed and remanded.

Justice MITCHELL did not participate in the consideration or decision of this case.