RONALD E. STINES AND WIFE, JUDY C. STINES; RICHARD E. ALLEN AND WIFE, LYNETTE ALLEN; MIKE P. WALKER, JR. AND WIFE, EDITH P. WALKER; ROBERT R. VOLLRATH, JR. AND WIFE, SUSAN VOLLRATH; AND PATRICIA ANN STILLWELL v. WILLYNG, INC., A CORPORATION

No. 8528SC1305

(Filed 3 June 1986)

**1. Easements § 4.1— "Park Property" on recorded plat—insufficient description**

A description on a recorded plat designating areas north and west of platted lots 353-370 as "Park Property" was patently ambiguous and thus insufficient to create a valid dedication or easement.

**2. Dedication § 4— easement on recorded plat—no withdrawal**

Any dedication or easement of an area of "Park Property" adjacent to lots 298-306 on a recorded plat could not be withdrawn under N.C.G.S. § 136-96 where there was evidence to support the court's findings that such area had been used for recreational purposes within fifteen years from its dedication and thus had not been abandoned for purposes of the statute.

APPEAL by plaintiffs and defendant from *Snepp, Judge.* Judgment entered 30 July 1985 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 6 May 1986.

Plaintiffs are owners of lots in Lee's Ridge Subdivision, Section I (hereinafter Lee's Ridge) in Asheville. This subdivision was originally owned and developed by Pilot Construction Co. (Pilot) in 1969. Pilot recorded a plat of Lee's Ridge in the Buncombe County Register of Deeds office on 25 August 1969. Relevant portions of this plat are appended.

In three places along the periphery of the subdivision the plat designates areas as "Park Property." The plat also provides that Pilot "hereby acknowledge[s] this plat and allotment to be their free act and deed and hereby dedicate[s] to public use as streets, playgrounds, open spaces and easements, forever all areas so shown or dedicated on this plat."

Defendant acquired title to the area north of Lee's Ridge, as well as the area adjacent to lots 298-306 which is designated as "Park Property" on the plat, by mesne conveyances from Pilot. Defendant seeks to develop these areas for commercial and residential purposes. Plaintiffs brought this action seeking to enjoin such development temporarily and permanently.

The trial court concluded that the areas adjacent to lots 298-306 and "north of the entire Section I . . . as far as the extent of said property can be determined from said plat" are burdened with an easement in favor of plaintiffs and other lot owners in the section, which easement prohibits the use of said areas other than as a park. It permanently enjoined the residential and commercial uses planned by the defendant "within the areas burdened by the easement described in this Judgment."

Plaintiffs and defendant appeal.

*Redmond, Stevens, Loftin & Currie, P.A., by Gwynn G. Radeker and Thomas West, for plaintiffs.*

*McGuire, Wood, Worley & Bissette, P.A., by Joseph P. McGuire and Steven A. Jackson, for defendant.*

WHICHARD, Judge.

[1] Defendant contends the court erred in concluding that the subject plat identified the areas shown as "Park Property" north and west of platted lots 353-370 with sufficient certainty to create a valid dedication or easement burdening defendant's adjacent land in favor of plaintiffs and other owners of lots within the subdivision. The area designated as "Park Property" adjacent to lots 298-306 is not at issue here.

Plaintiffs, as appellees, contend that the court properly concluded that the area north of Lee's Ridge "as far as the extent of such property can be determined from said plat," is burdened with an easement that "prohibits the use of said land for uses other than as a park." Plaintiffs, as appellants, contend that the court erred in concluding that the easement for "Park Property" burdens only the land shown on the plat. They maintain that the court should have concluded that this easement burdened all of the land north of the subdivision owned by Pilot at the time it filed the plat. Such an easement would include land north of what is shown on the plat. We hold that the description for areas designated as "Park Property" lying north and west of platted lots 353-370 is patently ambiguous, and thus no easement for use as a park burdens the property adjacent to those lots, either that property shown on the plat or beyond.

Defendant's position is that the description of the "Park Property" area lying to the north and west of platted lots 353-370 is patently defective. In general,

> [a] description which leaves the subject of the contract, the land, in a state of absolute uncertainty, and which refers to nothing extrinsic by which it might possibly be identified with certainty, is patently ambiguous. Parol evidence is not admissible to aid such a description . . . and the instrument which contains it is void. [Citation omitted.]

> A description is "latently ambiguous if it is insufficient in itself to identify the property but refers to something extrinsic by which identification might possibly be made." . . . "In such case plaintiff may offer evidence, parol and other, with reference to such extrinsic matter tending to identify the property, and defendant may offer such evidence with reference thereto tending to show impossibility of identification, i.e., ambiguity." [Citation omitted.]

*Bradshaw v. McElroy*, 62 N.C. App. 515, 516, 302 S.E. 2d 908, 910 (1983). "The law endeavors to give effect to the intention of the parties, whenever that can be done consistently with rational construction." *Allen v. Duvall*, 311 N.C. 245, 251, 316 S.E. 2d 267, 271 (1984). However,

> [w]hen an easement is created by deed, either by express grant or by reservation, the description thereof "must either be certain in itself or capable of being reduced to a certainty by a recurrence to something extrinsic to which it refers. . . . *There must be language in the deed sufficient to serve as a pointer or a guide to the ascertainment of the location of the land.*" [Citations omitted.]

> It is to be stressed that an alleged grant or reservation of an easement will be void and ineffectual only when there is such an uncertainty appearing on the face of the instrument itself that the court—reading the language in the light of all the facts and circumstances *referred to in the instrument*—is yet unable to derive therefrom the intention of the parties as to what land was to be conveyed. [Citation omitted.]

*Id.* at 249, 316 S.E. 2d at 270. This Court has emphasized that "[t]he reference must be to another document . . . [and] [t]he connection between documents must be clear and cannot be shown by extrinsic evidence." *House v. Stokes*, 66 N.C. App. 636, 638-39, 311 S.E. 2d 671, 674, *cert. denied*, 311 N.C. 755, 321 S.E. 2d 133 (1984).

"[A] map or plat, referred to in a deed, becomes a part of the deed, as if it were written therein . . . ." *Collins v. Land Co.*, 128 N.C. 563, 565, 39 S.E. 21, 22 (1901). A recorded plat becomes part of the description and is subject to the same kind of construction as to errors. 6 Thompson, *Real Property* Sec. 3052 at 608 (1962).

Applying the above principles to the description of "Park Property" lying to the north and west of platted lots 353-370 on the plat here, we hold the description patently ambiguous. It provides no northern boundary line. Plaintiffs' assertion as appellees that "[t]he top line of the plat is the terminus of the plat and a logical cap of the easement" is without merit. The northern border of the plat has no metes and bounds description, does not join a clearly demarcated eastern or western terminus for the area, and clearly cannot operate as a property line.

In general, "[a] description which omits one or more of the boundaries, and leaves the quantity of land undetermined, is insufficient." *Thompson, supra*, Sec. 3020 at 440. *See also Deaver v. Jones*, 114 N.C. 649, 19 S.E. 637 (1893). There is absolutely no reference here to anything on the plat itself which is "'sufficient to serve as a pointer or a guide to the ascertainment of the location of the land.'" *Allen, supra*, 311 N.C. at 249, 316 S.E. 2d at 270. Nothing on the plat or referred to therein would enable a title attorney to determine the precise boundaries of the area burdened with the park easement. The description for the areas designated as "Park Property" north and west of lots 353-370 is thus patently ambiguous and void. *Bradshaw, supra*, 62 N.C. App. at 516, 302 S.E. 2d at 910.

Assuming, *arguendo*, that this description is latently ambiguous, when the extrinsic evidence in the record is considered along with the description, it is still incapable of "'being reduced to a certainty . . . [,]'" *Allen, supra*, 311 N.C. at 249, 316 S.E. 2d at 270, or identified, *Bradshaw, supra*, 62 N.C. App. at 516, 302 S.E. 2d at 910. Accordingly, the court erred in concluding that the

plat identified the areas designated as "Park Property" north and west of lots 353-370 with sufficient certainty to create a valid dedication or easement. This portion of the judgment thus is reversed, and the cause is remanded for entry of judgment in favor of the defendant.

[2] Defendant next contends the court erred in concluding that any dedication or easement of the "Park Property" area was not abandoned and withdrawn under N.C. Gen. Stat. 136-96. Since the area of "Park Property" adjacent to lots 298-306 is at issue here, we consider defendant's contention in reference to this area only, given our disposition of the first issue. For the reasons stated below, we hold that this area has not been abandoned and effectively withdrawn under N.C. Gen. Stat. 136-96.

Our Supreme Court has stated:

> Where lots are sold and conveyed by reference to a map or plat which represents a division of a tract of land into streets, lots, parks and playgrounds, a purchaser of a lot or lots acquires the right to have the streets, parks and playgrounds kept open for his reasonable use, and this right is not subject to revocation except by agreement. . . . It is said that such streets, parks and playgrounds are *dedicated* to the use of lot owners in the development. In a strict sense it is not a dedication, for a dedication must be made to the public and not to a part of the public. . . . It is a right in the nature of an easement appurtenant. Whether it be called an easement or a dedication, the right of the lot owners to the use of the streets, parks and playgrounds may not be extinguished, altered or diminished except by agreement or estoppel. . . . This is true because the existence of the right was an inducement to and a part of the consideration for the purchase of the lots. . . . Thus, a street, park or playground may not be reduced in size or put to any use which conflicts with the purpose for which it was dedicated. . . . [Citations omitted.]

*Realty Co. v. Hobbs*, 261 N.C. 414, 421, 135 S.E. 2d 30, 35-36 (1964). *See also Whichard v. Oliver*, 56 N.C. App. 219, 287 S.E. 2d 461 (1982).

Following *Realty Co.*, plaintiffs, as purchasers of lots within Lee's Ridge, have acquired the right to have the "Park Property"

Stines v. Willyng, Inc.

adjacent to lots 298-306 kept open for their reasonable use absent an agreement for revocation of such right. There is no evidence of any such agreement in the record. Assuming, *arguendo*, that N.C. Gen. Stat. 136-96 is applicable, we hold that defendant could not withdraw the "Park Property" under this statute since there was evidence to support the court's findings that the subject area had been used for recreational purposes within fifteen years from its dedication and thus had not been abandoned for purposes of the statute.

Affirmed in part, reversed in part, and remanded.

Judges WEBB and JOHNSON concur.