THOMAS L. PARRISH AND WIFE, RUTH M. PARRISH, PLAINTIFFS v. NORMAN C. HAYWORTH AND WIFE, MYRTLE HAYWORTH; JAMES HAYWORTH AND WIFE, VENESSIA HAYWORTH; WILLIAM F. LASATER, III (DIVORCED) AND NANCY W. LASATER (DIVORCED) (FORMERLY HUSBAND AND WIFE), DEFENDANTS

No. COA99-686

(Filed 5 July 2000)

**Easements— recorded plat—right of way—patently ambiguous description—failure to establish location—parties' usage**

The trial court did not err by granting summary judgment in favor of defendants on the issue of whether plaintiffs acquired the right to use the original right of way shown in the plat book

---

PARRISH v. HAYWORTH

[138 N.C. App. 637 (2000)]

because: (1) the description of the right of way in the plat book is patently ambiguous and void since it is incapable of being described and the width of the right of way is not indicated in the plat; (2) plaintiffs have failed to establish the location of the original right of way with certainty; and (3) based on their usage, the parties and their predecessors in title have accepted the present right of way intended to be reserved by the plat.

Judge GREENE concurring in the result.

Appeal by plaintiffs from judgment entered 1 April 1999 and filed 6 April 1999 by Judge Judson D. DeRamus, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 14 March 2000.

*Pinto Coates Kyre & Brown, PLLC, by Richard L. Pinto and John I. Malone, Jr., for plaintiffs-appellants.*

*Benson & Marshall, L.L.P., by Robert A. Benson, for defendants-appellees.*

WALKER, Judge.

On 8 September 1995, plaintiffs filed a complaint against defendants James and Venessia Hayworth seeking a judgment pursuant to N.C. Gen. Stat. § 41-10 which "removes the cloud from the title" of the "slender strip of land contiguous with the eastern boundary" of plaintiffs' property. (*See* No. 95 CvS 8537). Plaintiffs argued that they had a survey performed which revealed that "the strip of land which ownership is in controversy has either been dedicated to public use . . . according to Plat Book 87, Page 72, . . . or has been deeded to the Plaintiff by it[s] former possessors in title by deed. . . ."

Defendants James and Venessia Hayworth filed an answer and counterclaim, praying that the trial court remove the cloud of title to the property owned by them. In their reply, plaintiffs alleged that they own the property in question by virtue of adverse possession or "[i]n the alternative the property has been dedicated by plat. . . ."

Defendants James and Venessia Hayworth moved for summary judgment, and at the hearing, the trial court considered evidence from both plaintiffs and defendants regarding the ownership of the contested property. In his 14 November 1996 order, Judge Steve Allen determined that there was no genuine issue of material fact and that the property in question was conveyed to defendants James and Venessia Hayworth on 13 November 1992 by John R. Hill in the deed

recorded in book 4019, page 1587. Judge Allen then ordered that "any cloud on the said title claimed by the Plaintiffs herein is hereby removed. . . ." No appeal was taken from this order.

On 10 September 1997, plaintiffs filed this action seeking to enjoin defendants James and Venessia Hayworth from obstructing or blocking their use of a driveway which crosses defendants' property and for a declaratory judgment establishing their "prescriptive or other rights" to use the driveway. Plaintiffs allege that defendants Norman and Myrtle Hayworth are the natural parents of James Hayworth and the predecessors in interest to "some of the property and right complained of." Defendants filed an answer and counterclaim. Plaintiffs then filed a reply to defendants' counterclaim and a notice of voluntary dismissal without prejudice of the claims directed at defendants William and Nancy Lasater.

Plaintiffs later amended their complaint, seeking a declaratory judgment which would establish that they have a right of way to the public road shown on the plat recorded in book 16, page 56 in the Guilford County Register of Deeds Office. Defendants filed an objection to plaintiffs' motion to amend their complaint, contending that the 14 November 1996 order signed by Judge Steve Allen determined the "rights and liabilities" between the parties as to the right of way depicted on plat book 16, page 56. Both plaintiffs and defendants moved for summary judgment. Defendants argued that "Plaintiff[s'] Complaint is only an attempt to relitigate matters previously determined in Case No. 95 CvS 8537." On 6 April 1999, Judge Judson D. DeRamus, Jr. denied plaintiffs' motion for summary judgment and granted defendants' motion for summary judgment.

Plaintiffs assign as error the trial court's granting of summary judgment in favor of defendants since: (1) the 1996 order only addressed the issue of ownership and title to the land in question and did not address the abandonment or extinguishment of the original right of way; (2) the 1996 order is null and void due to the failure to join all necessary parties; (3) defendants failed to answer or otherwise plead a response to their complaint for declaratory relief in this action; and (4) the original right of way was not entirely extinguished by the 1996 order.

Summary judgment is proper when there is no genuine issue as to any material fact and any party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999); *Coastal Leasing Corp. v. T-Bar Corp.*, 128 N.C. App. 379, 496 S.E.2d 795 (1998). As the mov-

ing party, defendant bears the burden of showing that no triable issue exists. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 62-63, 414 S.E.2d 339, 341-342 (1992). This burden may be met by showing: (1) that an essential element of plaintiff's claim is nonexistent; (2) that discovery indicates plaintiff cannot produce evidence to support an essential element; or (3) that plaintiff cannot surmount an affirmative defense. *Id.* at 63, 414 S.E.2d at 342. Once a defendant has met that burden, the plaintiff must forecast evidence tending to show that a *prima facie* case exists. *Id.*

In the recent case of *Harry v. Crescent Resources, Inc.*, 136 N.C. App. 71, 74, 523 S.E.2d 118, 120 (1999), *citing Realty Co. v. Hobbs*, 261 N.C. 414, 421, 135 S.E.2d 30, 35-36 (1964), this Court recognized:

> When a developer sells residential lots in a subdivision by reference to a recorded subdivision plat which divides the tract of land into 'streets, lots, parks and playgrounds,' a purchaser of one of the residential lots 'acquires the right to have the streets, parks and playgrounds kept open for his reasonable use, and this right is not subject to revocation except by agreement.'

"A map or plat, referred to in a deed, becomes part of the deed, as if it were written therein." *Stines v. Willyng, Inc.*, 81 N.C. App. 98, 101, 344 S.E.2d 546, 548 (1986). "A recorded plat becomes part of the description and is subject to the same kind of construction as to errors." *Id.*

In determining whether an easement is sufficiently described, our Supreme Court has held:

> When an easement is created by deed, either by express grant or by reservation, the description thereof must be certain in itself or capable of being reduced to a certainty by a recurrence to something extrinsic to which it refers.

*Allen v. Duvall*, 311 N.C. 245, 249-251, 316 S.E.2d 267, 270-271, *rehearing granted*, 311 N.C. 745, 321 S.E.2d 125 (1984), *citing Thompson v. Umberger*, 221 N.C. 178, 180, 19 S.E.2d 484, 485 (1942). "There must be language in the deed sufficient to serve as a pointer or a guide to the ascertainment of the location of the land." *Id.* If the description is patently ambiguous, the attempted conveyance or reservation is void for uncertainty. *Id.* If, however, the ambiguity in the description is latent and not patent, the reservation will not be held void for uncertainty if identification can be made by referring to something extrinsic. *Id.*

PARRISH v. HAYWORTH

[138 N.C. App. 637 (2000)]

In *Stines v. Willyng, Inc.*, 81 N.C. App. 98, 344 S.E.2d 546 (1986), a recorded plat designated certain land lying north and west of platted lots as "Park Property." This Court found that there was "absolutely no reference here to anything on the plat itself which is sufficient to serve as a pointer or a guide to the ascertainment of the location of the land." *Id.* at 101, 344 S.E.2d at 548. "Nothing on the plat or referred to therein would enable a title attorney to determine the precise boundaries of the area burdened with the park easement." *Id.* Thus, the areas designated as "Park Property" were patently ambiguous and did not create an easement or dedication of the area for park purposes. *Id.*; *See also Thompson*, 221 N.C. 178, 19 S.E.2d 484.

Here, plaintiffs contend that they have acquired the right to use the original right of way shown in plat book 16, page 56, which extends in a northwest direction from Cedar Ridge Road. The record reveals that Alan E. Ferguson, a real estate attorney in Greensboro, concluded in his 25 October 1996 affidavit that the " 'roadway' shown on Plat Book 16, Page 56 cannot be located by reference only to said plat" since:

(1) The pertin[e]nt lot lines are drawn without bearings [] noted on the plat; (2) the 'roadway' itself is given no bearings and (3) the plat does not make clear whether the boundaries of the lots conveyed along the 'roadway' run to the center of the 'road[,]' the eastern edge of the 'road[,]' or the western edge of the 'road.'

Additionally, we note that the width of the original right of way is not indicated on this plat. Thus, since the original right of way depicted in plat book 16, page 56 is incapable of being described, it is patently ambiguous and void.

Even assuming *arguendo* that the description of the original right of way results in a latent rather than a patent ambiguity, we conclude that the extrinsic evidence in the record is insufficient to identify the original right of way with certainty. *See Thompson*, 221 N.C. 178, 19 S.E.2d 484. Plaintiffs rely on a survey performed by William L. Knight, Jr., recorded in plat book 87, page 72 and dated 23 September 1987 (Knight survey). Plaintiffs argue that this survey "locates the original right-of-way center stakes at the boundary line of the Parrish and Hayworth properties in question" and that the right of way "equally encroached on the property of defendants James and V[e]nessia Hayworth as well as the Parrish property as it traveled down the length of their common boundary line."

The Knight survey locates the property of William F. and Nancy W. Lasater and the roadway along the Lasater property known as Cedar Valley Drive. Although the Knight survey indicates that the original right of way probably lies somewhere west of the Lasater property and the present Cedar Valley Drive, the survey does not identify, by metes and bounds or in any other manner, the location of the original right of way. Thus, after considering the extrinsic evidence in the record, we conclude that plaintiffs have failed to establish the location of the original right of way.

Furthermore, our Supreme Court recognized that:

It is a settled rule that where there is no express agreement with respect to the location of a way granted but not located, the practical location and user of a reasonable way by the grantee, acquiesced in by the grantor or owner of the servient estate, sufficiently locates the way, which will be deemed to be that which was intended by the grant.

*Borders v. Yarbrough*, 237 N.C. 540, 542, 75 S.E.2d 541, 543 (1953); *See also Allen*, 311 N.C. 245, 316 S.E.2d 267. "The law endeavors to give effect to the intention of the parties, whenever it can be done consistently with rational construction." *Allen*, 311 N.C. at 251, 316 S.E.2d at 271. In the case at bar, the parties and their predecessors in title have utilized the roadway, known as Cedar Valley Drive, through the subdivision. Although the original right of way cannot be located, we conclude that, based on their usage, the parties and their predecessors in title have accepted the present Cedar Valley Drive as the right of way intended to be reserved by the plat recorded in book 16, page 56.

In summary, we affirm the trial court's granting of summary judgment in favor of defendants.

Affirmed.

Judge TIMMONS-GOODSON concurs.

Judge GREENE concurs in the result with separate opinion.

Judge GREENE concurring in the result.

I disagree with the majority that the description of the right of way depicted in Plat Book 16, Page 56 is patently ambiguous and, consequently, void.

A description of an express grant or reservation of a right of way is patently ambiguous when the location of the right of way cannot be ascertained based on the plat itself and based on extrinsic information to which the plat refers. *Allen v. Duvall*, 311 N.C. 245, 249, 316 S.E.2d 267, 270 (1984).

In this case, the majority states the description of the right of way depicted in the plat is patently ambiguous because the right of way cannot be located solely by reference to the plat and because the width of the right of way is not indicated in the plat. The plat in this case, however, contains a scale by which the width of the right of way may be ascertained. Moreover, the location of the right of way may be ascertained based on the plat itself and upon extrinsic information to which the plat refers. The ambiguity, therefore, is latent. *See id.* at 250-51, 316 S.E.2d at 271 (right of way latently ambiguous when description in deed describes location of right of way as "beginning at G. L. Allen's line and running up on East side of creek over this land").

When an express grant or reservation of a right of way contains a latent ambiguity regarding the location of the right of way, extrinsic evidence may be introduced to ascertain the location. *Id.* at 251, 316 S.E.2d at 271. Such extrinsic evidence includes "[t]he use of the [right of way] in question by plaintiffs' predecessors in title, acquiesced in by defendants' predecessors in title of the servient estate." *Id.*

In this case, there is a genuine issue of material fact regarding the location of the right of way based on extrinsic evidence, which would ordinarily require this Court to remand this case to the trial court. *See Williams v. Board of Education*, 284 N.C. 588, 598, 201 S.E.2d 889, 896 (1974) (summary judgment inappropriate when genuine issue of material fact exists). Nevertheless, because I believe the trial court properly granted summary judgment in favor of defendants and denied plaintiffs' motion for summary judgment on the ground plaintiffs' claims are barred by the doctrine of res judicata, I would affirm the trial court's order. *See Wilson v. Watson*, 136 N.C. App. 500, 502, 524 S.E.2d 812, 813 (2000) (the doctrine of res judicata "entirely bars an identical party or those in privity from relitigating a second action identical to the first where a court of competent jurisdiction has already rendered a final judgment on the merits"); *Shore v. Brown*, 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989) ("If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal.").